O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNIMAX EXPRESS, INC., | ) | Case No. CV 11-02957 DDP (FMOx) |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS FOR LACK OF SUBJECT** |
| | ) | **MATTER JURISDICTION** |
| EVERGREEN SHIPPING AGENCY, | ) | |
| | ) | |
| Defendant. | ) | [Docket No. 20] |
| _____ | ) | |

    Presently before the court is Defendant Evergreen Shipping Agency ("Evergreen")'s Motion to Dismiss Plaintiff's complaint. Because the court determines that subject matter jurisdiction is lacking, the court grants the motion and adopts the following order.

**I.    Background**

    Evergreen, a shipping company, contracts with trucking companies such as Plaintiff for the overland transport of cargo containers. When truckers do not return containers on time, Evergreen charges late fees.[1] The parties enter into a standard

---

[1] The parties refer to these fees as "per diem" charges. Evergreen does not charge late pick-up, or "demurrage" fees. (Declaration of Dominic C. Obrigkeit in Support of Defendant's
(continued...)

contract, the Uniform Intermodal Interchange and Facilities Access Agreement ("the Agreement"). The Agreement contains an arbitration provision that applies to billing disputes.[2] Plaintiff filed suit in this court, alleging that Evergreen improperly charged plaintiff late return fees on weekends and holidays. Evergreen now moves to dismiss the complaint for lack of subject matter jurisdiction.[3]

**II. Discussion**

Plaintiff filed suit in this court on the basis of diversity jurisdiction. (Complaint ¶ 13.) This court has jurisdiction over civil actions between diverse parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A party may raise a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) either on the face of the pleadings or with reference to extrinsic evidence. <u>Warren v. Fox Family Worldwide, Inc.</u>, 38 F.3d 1136, 1139 (9th Cir. 2003). Where subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of proving its existence. <u>Robinson v. United States</u>, 58 F.3d 683.

Here, Evergreen has presented evidence that the total amount of late fees billed to Plaintiff was $18,186. (Declaration of Dominic C. Obrigkeit in Support of Defendant's Motion to Dismiss ¶

---

[1](...continued)
Motion to Dismiss ¶ 10.)

[2] In a related case, this court found the arbitration provision unconscionable and unenforceable. See <u>Unimax Express, Inc. v. Cosco North Am., Inc.</u>, No. CV 11-02947 DDP, 2011 WL 5909881 at *3-4 (C.D. Cal. November 28, 2011).

[3] Because the court agrees with Evergreen that subject matter jurisdiction is lacking, the court does not address Evergreen's other arguments in support of the motion to dismiss.

2

1  11.)  This amount is insufficient to confer jurisdiction under 28
2  U.S.C. § 1332(a).
3      Though not pled in the complaint, Plaintiff's opposition to
4  the instant motion suggests that this court has jurisdiction under
5  the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Under
6  CAFA, this court has original jurisdiction over class actions in
7  which the parties are minimally diverse and in which the amount in
8  controversy exceeds $5 million.  28 U.S.C. § 1332(d).  The
9  complaint, however, makes no mention of CAFA and makes no
10 suggestion that the amount in controversy exceeds the
11 jurisdictional minimum.
12     Nor has Plaintiff provided any extrinsic evidence that the $5
13 million minimum is met.  To the contrary, Evergreen has submitted
14 evidence that it charged all motor carriers, including Plaintiff, a
15 total of $8,862,453.66 in late fees incurred on <u>all</u> days of the
16 week.  (Obrigkeit Dec. ¶¶ 12-13.)  Furthermore, Evergreen presented
17 evidence that it never collected late fees on weekends or holidays
18 in Oakland, and did not collect such fees in Los Angeles or Long
19 Beach between April 2007 and June 2011.  (<u>Id.</u> ¶ 13-14.)
20     Apparently recognizing that it has not met its burden of
21 proving subject matter jurisdiction, Plaintiff has requested
22 jurisdictional discovery.  (Opp. at 19-20.)  Plaintiff argues that
23 such discovery is necessary because the parameters of Evergreen's
24 electronic database are unknown.  (Opp. at 20.)  It does not appear
25 to the court, however, that there is any reasonable probability
26 that Plaintiff would be able to establish CAFA jurisdiction if
27 discovery were allowed.  <u>See</u> <u>Laub v. Dep't of Interior</u>, 342 F.3d
28

1 | 1080, 1093 (9th Cir. 2003). Accordingly, Plaintiff's request is
2 | denied.
3 | **III. Conclusion**
4 | For the reasons stated above, Defendant's Motion to Dismiss is
5 | GRANTED.
6 |
7 |
8 | IT IS SO ORDERED.
9 |
10 |
11 | Dated: May 23, 2012
12 |                                   DEAN D. PREGERSON
                                  United States District Judge